**Joleen ARMSTRONG, Plaintiff–Appellant**

v.

**MANKATO AREA PUBLIC SCHOOLS, INDEPENDENT SCHOOL DISTRICT NO. 77, Defendant–Appellee.**

No. 13–2952.

United States Court of Appeals, Eighth Circuit.

Submitted: May 7, 2014.

Filed: May 27, 2014.

Jeffrey David Schiek, Philip G. Villaume, Villaume & Schiek, Bloomington, MN, for Plaintiff–Appellant.

Charles Earl Long, Susan Elizabeth Torgerson, Kennedy & Graven, Minneapolis, MN, for Defendant–Appellee.

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

PER CURIAM.

Joleen Armstrong appeals from the District Court's[1] adverse grant of summary judgment in her action brought under the Age Discrimination in Employment Act and the Minnesota Human Rights Act. Upon our careful *de novo* review, we agree with the District Court that Armstrong failed to demonstrate that a genuine issue of material fact existed as to whether her former employer's legitimate and nondiscriminatory reason for non-renewing her probationary contract was pretext for age discrimination. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.,* 639 F.3d 507, 514, 516 (8th Cir.2011) (stating standard of review and noting that to prove pretext, a plaintiff must show that employer's stated reason was false and that age was the real reason for the adverse employment action); *Roeben v. BG Excelsior Ltd. P'ship,* 545 F.3d 639, 643 (8th Cir.2008) (holding that a showing of pretext requires more than merely discrediting the asserted reason for terminating an employee; circumstances must permit a reasonable inference of discriminatory animus); *Fitzgerald v. Action, Inc.,* 521 F.3d 867, 877 (8th Cir.2008) (noting unlikelihood that a super-

---

1. The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

visor would hire an older employee and then discriminate based on age); *Putman v. Unity Health Sys.*, 348 F.3d 732, 733–34 (8th Cir.2003) (noting that to establish pretext, a plaintiff must substantiate allegations with probative evidence; speculation and conjecture are insufficient). Accordingly, we affirm the judgment of the District Court. *See* 8th Cir. R. 47B.